UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

WILLIAM TIMOTHY HARRIS
(#1110926),

     Petitioner,

v.                            Civil Action No.   2:26cv142

JOSEPH WALTERS,
Director, Virginia
Department of Corrections,

     Respondent.

## REPORT AND RECOMMENDATION

Petitioner William Timothy Harris ("Petitioner" or "Harris") filed this federal habeas petition under 28 U.S.C. § 2254, (ECF No. 1), and the Petition was referred to me under 28 U.S.C. §§ 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure.  Respondent moved to dismiss the Petition, (ECF No. 8), arguing that Harris had failed to exhaust his state remedies.  The court provided the notice to pro se parties required by the Fourth Circuit's decision in Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). (ECF No. 11).  Harris responded to the motion, (ECF No. 12), but did not address the exhaustion issue.  Because the Petition contains unexhausted habeas claims, which Harris may still pursue in state court, this Report recommends it be dismissed without prejudice to permit Harris to first present his unexhausted claims to the Virginia courts as required by federal law.

1

## I.   FACTUAL AND PROCEDURAL HISTORY

On April 17, 2025, Petitioner was convicted and sentenced in the Circuit Court for Henrico County of burglary and contempt.  He was sentenced to ten years and ten days, with two years and six months suspended.  Sentencing Order, Commonwealth v. Harris, No. CR24-2347-OOF (Va. Cir. Ct. Apr. 17, 2025) (ECF No. 10-1 at 4-7).  Harris appealed his conviction to the Court of Appeals of Virginia, and his appeal is still pending. Commonwealth v. Harris, Record No. 2042-25-2.[1]

In this federal Petition filed February 2, 2026, Harris appears to challenge his convictions by asserting various violations related to his Sixth Amendment right to effective assistance of counsel, including during trial and sentencing. Pet. (ECF No. 1, at 3-9).  He primarily complains that his attorney at trial failed to investigate the government's case against him and improperly urged him to plead guilty.  Id. at 6-12.  Respondent filed his Rule 5 Answer and Motion to Dismiss, along with a brief in support, arguing that Harris had failed to exhaust his state remedies.  Resp't's Br. Supp. Rule 5 Answer & Mot. to Dismiss (ECF No. 10, at 2-3).  Petitioner filed his

---

[1] Harris's Petition acknowledges that he has not concluded his direct appeal but claims the "appeal never happened due to court error."  Pet. (ECF No. 1, at 9).  The Court of Appeals website indicates the briefing on Harris's appeal was recently concluded and it remains pending for decision.  Court of Appeals of Virginia, Appellate Case Management System, https://eapps.courts.s tate.va.us/cav-public [https://perma.cc/4YKF-56TR] (search CAV Record # 204225).

response to the motion, (ECF No. 12), which is now ripe to resolve.

## II.  ANALYSIS

Habeas petitions filed pursuant to 28 U.S.C. § 2254 challenge a state's custody over a petitioner on the grounds that such custody violates the "Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Before applying for federal habeas relief, however, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies.  28 U.S.C. § 2254(b)(1).  This requirement gives "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing."  Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998).  The habeas petitioner bears the burden of proving that all claims are exhausted.  Id. at 618 (citing Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994)).

Harris's habeas petition contains only unexhausted claims. Although he has presented claims in his direct appeal to the Virginia Court of Appeals, none have been resolved, or finally exhausted by the Supreme Court of Virginia.  Commonwealth v. Harris, Record No. 2042-25-2.[2]  He has also not presented any habeas claims in state court, either in the Circuit Court for

---

[2] Court of Appeals of Virginia, Appellate Case Management System, https://eapp s.courts.state.va.us/cav-public  [https://perma.cc/4YKF-56TR]  (search CAV Record # 204225).

Henrico County where he was convicted or by direct petition to the Supreme Court of Virginia.

## A.    Harris's habeas claims are not exhausted and remain raisable in a state habeas corpus petition.

Harris is not time-barred from now filing a state habeas petition. Virginia law allows a prisoner to file a petition for a writ of habeas corpus within two years of the date of final judgment or one year from the expiration of appellate remedies, whichever is later. See Va. Code Ann. § 8.01-654(A). The trial court entered final judgment in Harris's case on April 17, 2025: two years from that date is April 17, 2027. Petitioner's appellate remedies have not expired as the Court of Appeals of Virginia is still considering his appeal. Harris therefore has until at least April 17, 2027—or longer depending on his appeal—to present a properly filed state habeas petition seeking to exhaust these claims. He is not precluded from raising his claims of ineffective assistance of counsel, as well as other viable claims, in state court until this date. Because Harris still has a "possible avenue of state court review" to pursue his claims, they are unexhausted and still capable of exhaustion, and they are not procedurally defaulted. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999).

Harris has not presented any basis to excuse his failure to exhaust, and he has filed his federal habeas petition alleging

4

claims of ineffective assistance of counsel, as well as possible additional claims, before first giving the Supreme Court of Virginia an opportunity to consider his claims. Accordingly, the undersigned recommends that Harris's Petition, (ECF No. 1), be dismissed without prejudice so he can refile once he has exhausted these claims in state court. Rhines v. Weber, 544 U.S. 269, 278 (2005).

## III.    RECOMMENDATION

Because Harris's Petition presents unexhausted claims, and he has a state remedy available to assert his claims of ineffective assistance of counsel, and other state habeas claims, the undersigned recommends that Respondent's Motion to Dismiss, (ECF No. 8), be GRANTED, and Harris's Petition, (ECF No. 1), for writ of habeas corpus under 28 U.S.C. § 2254 be DISMISSED without prejudice for failure to exhaust.

## IV.  REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.    Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure.

5

Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Newport News, Virginia

June 18, 2026

6

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing was mailed this date to:

**William Timothy Harris**
**1110926**
**VDOC Centralized Mail Dist. Cntr.**
**3521 Woods Way**
**State Farm, VA 23160**

A copy of the foregoing was provided electronically this date to:

**Kelly Lynn Sturman**
**Office of the Attorney General**
**Criminal Appeals**
**202 N. 9th Street**
**Richmond, VA 23219**

Laura G. Griffin, Clerk

/s/ J. L. Meyers
By_____
Deputy Clerk

June 18
_____, 2026

7